IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DARREN N CLARK, SR,

    Plaintiff,

v.                                      CASE NO. 1:14-cv-176-MP-GRJ

WILLIAM P CERVONE, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, who is currently an inmate at Gulf Correctional Institution, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C § 1983. Doc. 1. The Complaint is subject to screening pursuant to 28 U.S.C § 1915A, which authorizes the Court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to dismiss a complaint that is frivolous, malicious, or fails to state a claim against which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.

In the Complaint, Plaintiff names William P. Cervone, the State Attorney for the Eighth Judicial Circuit, and Ralph D. Grabel, an assistant state attorney for the Eighth Judicial Circuit as defendants.

Plaintiff's claims relate to a state criminal case in which Plaintiff apparently was convicted of a crime. Plaintiff claims that during his state criminal case Mr. Grabel prosecuted him while he was under suspension from the practice of law for failure to

timely comply with and report his CLE hours. Plaintiff claims that this violated his right to due process and equal protection.

As relief, Plaintiff requests "dismissal" of his criminal charges, monetary damages in the amount of $500,000, and $250,000 in punitive damages. While he does not explicitly request that he be released from custody, he clearly has called into question the validity of his state conviction by requesting dismissal of the charges.[1]

There are a number of problems with Plaintiff's claims. First, to the extent that Plaintiff is requesting damages for relief based upon the illegality of his conviction, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck* the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87 (footnote omitted).

In considering whether a claim is *Heck*-barred, the Court must determine whether a plaintiff's factual allegations, if proven, would necessarily undermine the

---

[1] To the extent Plaintiff seeks to challenge the validity of his underlying conviction and confinement, his remedy is to pursue a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

validity of the plaintiff's conviction. *See Edwards v. Balisok*, 520 U.S. 642, 646-48 (1997). If the factual basis of the plaintiff's civil case is "inconsistent with [his] conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

Plaintiff's complaint directly implicates *Heck* because he is challenging the validity of his state conviction. Plaintiff claims that because the state prosecutor has been suspended from the Florida Bar for failing to complete CLE courses his conviction and detention are "illegal." As a consequence of the illegal conviction Plaintiff seeks "dismissal" of his criminal charges. This relief, if granted, would directly call into question the validity of his criminal conviction. Accordingly, absent expungement or invalidation of his criminal conviction, Plaintiff's civil claims are barred by *Heck.*

Second, Plaintiff's claims against the state prosecutors cannot proceed because these individuals are immune from suit. With regard to prosecutors, "Traditional common-law immunities for prosecutors apply to civil cases brought under § 1983." *Rehberg v. Paulk*, 611 F.3d 828, 837 (11th Cir. 2010), *citing Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). "In § 1983 actions, prosecutors have absolute immunity for all activities that are 'intimately associated with the judicial phase of the criminal process.'" *Van de Kamp v. Goldstein*, 555 U.S. 335, 338 (2009) (quoting *Imbler*, 424 U.S. at 430); *accord Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). "A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones*, 174 F.3d at 1281. "This immunity extends to Attorneys General and Assistant Attorneys General." *Rolle v. Edmondson*, No. 3:10cv319, 2010 WL 1838242,

at *1 (M.D. Fla. May 3, 2010), *citing Mastroianni v. Bowers*, 173 F.3d 1363, 1366 (11th Cir. 1999).  The allegations of the Complaint do not suggest that Plaintiff's claims would fall within any of the recognized exceptions to these immunity doctrines.

Because, even liberally construed, the facts alleged do not suggest that Plaintiff could amend his complaint to assert a cognizable claim for relief against any of the defendants, the Court concludes that amendment of the complaint would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

In light of the foregoing, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915A because Plaintiff has failed to state a valid claim for relief and seeks relief against defendants who are immune from suit. Further, all pending motions should be terminated, and this case should count as a strike pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** this 23rd day of September 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**